# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# WACO DIVISION

| | | |
|---|---|---|
| **VERNA IP HOLDINGS, LLC,** | ) | |
|     **Plaintiff,** | ) | |
| | ) | **Civil Action No.6:23-cv-00142** |
| **v.** | ) | |
| | ) | |
| **CIVICPLUS, LLC,** | ) | **JURY TRIAL DEMANDED** |
|     **Defendant.** | ) | |

## PLAINTIFF'S ORIGINAL COMPLAINT FOR PATENT INFRINGEMENT

Verna IP Holdings, LLC ("Plaintiff" or "Verna") files this Original Complaint and demand for jury trial seeking relief from patent infringement of the claims of U.S. Patent No. 8,265,938 ("the '938 patent") (referred to as the "Patent-in-Suit") by CivicPlus LLC ("Defendant" or "Civic").

### I.  THE PARTIES

1.  Plantiff is a Limited Liability Company with its principal place of business located 117 Bryn Mawr Drive SE, Albuquerque, NM 87106.

2.  On information and belief, Defendant is a Kansas corporation with a principal address of 302 S. 4th St., Ste. 500, Manhattan, KS 66502 and has regular and established places of business throughout this District as evidenced by Defendant employing personnel including a Sales Development Representative, a Chief Revenue Officer, a Senior Account Executive, a Knowledge Analyst, and a Security Analyst, in the Western District of Texas, in particular Georgetown, Spicewood, Austin, San Antonio, and Harker Heights, Texas. *See* https://www.linkedin.com/company/civicplus/people/?facetGeoRegion=102748797. On information and belief Defendant provides business equipment such as computers, printers,

including software not typically found in a home office to its personel in the Western District of Texas, at least in the home of Defendants' employees. Defendant also has established places of business throughout this District through partnership with the City of Austin. *See* https://www.civicplus.com/case-studies/austin-tx. Defendant is registered to do business in Texas and has may be served via its registered agent Corporation Service Company d/b/a/ CSC-Lawyers Incorporating Service Company, 211 East 7th Street, Suite 620, Austin, TX 78701, or anywhere else it may be found.

## II.     JURISDICTION AND VENUE

3. This Court has original subject-matter jurisdiction over the entire action pursuant to 28 U.S.C. §§ 1331 and 1338(a) because Plaintiff's claim arises under an Act of Congress relating to patents, namely, 35 U.S.C. § 271.

4. This Court has personal jurisdiction over Defendant because: (i) Defendant is present within or has minimum contacts within the State of Texas and this judicial district; (ii) Defendant has purposefully availed itself of the privileges of conducting business in the State of Texas and in this judicial district; and (iii) Plaintiff's cause of action arises directly from Defendant's business contacts and other activities in the State of Texas and in this judicial district.

5. Venue is proper in this district under 28 U.S.C. §§ 1391(b) and 1400(b). Defendant has committed acts of infringement and has a regular and established place of business in this District. Further, venue is proper because Defendant conducts substantial business in this forum, directly or through intermediaries, including: (i) at least a portion of the infringements alleged herein; and (ii) regularly doing or soliciting business, engaging in other persistent courses of conduct and/or deriving substantial revenue from goods and services provided to individuals in Texas and this District.

**III.     INFRINGEMENT - Infringement of the '938 Patent**

6. On September 11, 2012, U.S. Patent No. 8,265,938 ("the '938 patent", included as Exhibit A and part of this complaint) entitled "Voice alert methods, systems and processor-readable media" was duly and legally issued by the U.S. Patent and Trademark Office. Plaintiff owns the '938 patent by assignment.

7. The '938 patent relates to novel and improved methods, systems and processor-readable media for providing instant/real-time voice alerts automatically to remote electronic devices.

8. Defendant maintains, operates, and administers systems, products, and services that infringes one or more of claims 1-18 of the '938 patent, literally or under the doctrine of equivalents. Defendant put the inventions claimed by the '938 Patent into service (i.e., used them); but for Defendant's actions, the claimed-inventions embodiments involving Defendant's products and services would never have been put into service. Defendant's acts complained of herein caused those claimed-invention embodiments as a whole to perform, and Defendant's procurement of monetary and commercial benefit from it.

9. Support for the allegations of infringement may be found in the the chart attached as Exhibit B. These allegations of infringement are preliminary and are therefore subject to change.

10. Defendant has and continues to induce infringement. Defendant has actively encouraged or instructed others (e.g., its customers and/or the customers of its related companies), and continues to do so, on how to use its products and services (e.g., method for automatically providing instant emergency voice alerts automatically to wireless hand held device users in a specified region) such as to cause infringement of one or more of claims 1-18 of the '938 patent, literally or under the doctrine of equivalents. Moreover, Defendant has known of the '938 patent

3

and the technology underlying it from at least the filing date of the lawsuit.[1] For clarity, direct infringement is previously alleged in this complaint.

11. Defendant has and continues to contributorily infringe. Defendant has actively encouraged or instructed others (e.g., its customers and/or the customers of its related companies), and continues to do so, on how to use its products and services (e.g., method for automatically providing instant emergency voice alerts automatically to wireless hand held device users in a specified region) and related services such as to cause infringement of one or more of claims 1-18 of the '938 patent, literally or under the doctrine of equivalents. Further, there are no substantial noninfringing uses for Defendant's products and services. Moreover, Defendant has known of the '938 patent and the technology underlying it from at least the filing date of the lawsuit.[2] For clarity, direct infringement is previously alleged in this complaint.

12. Defendant has caused and will continue to cause Plaintiff damage by direct and indirect infringement of (including inducing infringement of) the claims of the '938 patent.

## IV.   JURY DEMAND

Plaintiff hereby requests a trial by jury on issues so triable by right.

## V.   PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for relief as follows:

a.   enter judgment that Defendant has infringed the claims of the '938 patent;

b.   award Plaintiff damages in an amount sufficient to compensate it for Defendant's infringement of the Patents-in-Suit in an amount no less than a reasonable royalty or lost profits, together with pre-judgment and post-judgment interest and costs under 35 U.S.C. § 284;

---

[1] Plaintiff reserves the right to amend and add inducement pre-suit if discovery reveals an earlier date of knowledge.
[2] Plaintiff reserves the right to amend and add inducement pre-suit if discovery reveals an earlier date of knowledge.

c.  award Plaintiff an accounting for acts of infringement not presented at trial and an award by the Court of additional damage for any such acts of infringement;

d.  declare this case to be "exceptional" under 35 U.S.C. § 285 and award Plaintiff its attorneys' fees, expenses, and costs incurred in this action;

e.  declare Defendant's infringement to be willful and treble the damages, including attorneys' fees, expenses, and costs incurred in this action and an increase in the damage award pursuant to 35 U.S.C. § 284;

f.  a decree addressing future infringement that either (if) awards a permanent injunction enjoining Defendant and its agents, servants, employees, affiliates, divisions, and subsidiaries, and those in association with Defendant from infringing the claims of the Patents-in-Suit, or (ii) awards damages for future infringement in lieu of an injunction in an amount consistent with the fact that for future infringement the Defendant will be an adjudicated infringer of a valid patent, and trebles that amount in view of the fact that the future infringement will be willful as a matter of law; and

g.  award Plaintiff such other and further relief as this Court deems just and proper.

DATED: February 3, 2023              Respectfully submitted,

**Ramey LLP**

/s/William P. Ramey
William P. Ramey, III
Texas Bar No. 24027643
wramey@rameyfirm.com

Jeffrey E. Kubiak
Texas Bar No. 24028470
jkubiak@rameyfirm.com

5020 Montrose Blvd., Suite 800
Houston, Texas 77006

5

(713) 426-3923 (telephone)
(832) 900-4941 (fax)

*Attorneys for VERNA IP HOLDINGS, LLC.*